[J-72B-2014] [MO: Saylor, C.J.]

# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : No. 6 MAP 2014 |
| | : |
| Appellant | : Appeal from the order of the Superior Court |
| | : at No. 2695 EDA 2012 dated June 25, 2013 |
| | : which vacated and remanded the judgment |
| v. | : of sentence of the Chester County Court of |
| | : Common Pleas, Criminal Division, at No. |
| | : CP-15-CR-0001350-2012 dated August |
| JAMES JOHN HVIZDA, | : 27, 2012. |
| | : |
| Appellee | : ARGUED:   September 10, 2014 |

## CONCURRING OPINION

**MR. JUSTICE STEVENS**                    **DECIDED: June 15, 2015**

I join the majority.

Similar to the companion case of Commonwealth v. Carrasquillo, ___ Pa. ___, ___ A.3d ___ (2015), I write separately to emphasize my disapproval with the Superior Court's bright-line rule that prohibited, as a matter of law, trial courts from assessing the credibility of an "assertion of innocence" made in the context of a presentence motion to withdraw a guilty plea. This per se approach, which was based upon the utterance of "magic words," undermined the trial court's role as a finder of fact and removed necessary discretion from the court. I agree with the majority that such an approach was unsatisfactory. Trial courts must be permitted to evaluate the credibility of an accused's assertion of innocence, including the evidence of guilt, of delay, and of ulterior or illicit motive in ruling upon an accused's presentence motion to withdraw a guilty plea.